[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF PLAINTIFFS TO HOLD DEFENDANTS IN CONTEMPT
This matter involves a continuation of the dispute between two adjoining property owners, which was tried before the undersigned, who filed a Memorandum of Decision therein, dated April 12, 1990.
The undersigned, on page 24 of said Memorandum of Decision, entered the following order:
 The defendants, Mr. and Mrs. Richard Harrison, co-plaintiffs under their CT Page 6681 Cross-Complaint, are hereby ordered to remove forthwith all the encroachments, obstructions and impediments, placed by them, as they presently exist, on the Lea Road Extension.
At the hearing held on the instant motion on May 30, 1991, the evidence brought out, as shown in defendants Harrisons' Exhibit 1, a photo of Lea Road Extension, that they made substantial — but not total compliance — with the order entered in said Memorandum of Decision relative to removal of "encroachments, obstructions and impediments as they existed on Lea Road Extension." This is the focus of the present dispute involving said adjacent properties of Robert Pfrommer, the owner of lot #59, a member of the Harrison Circle Association, Inc.; and of Richard C. and Mary P. Harrison, who, at the time of the 1990 trial herein, were the owners of lot #40, Lea Road Extension. (The undersigned is cognizant of the fact that the Harrisons have recently sold their former property and no longer live there. )
In the Memorandum of Decision of April 12, 1990, p. 8, it was found as a fact that Lea Road Extension "is a small parcel of land measuring 50 feet in width, and 73.67 feet in length (based on Exhibit 22 of the defendants Harrison).
The two adjacent owners, i.e., Robert Pfrommer and Richard Harrison, testified at the hearing held on May 30, 1991. The owner, Pfrommer, pressing the instant Motion, testified that there were still some "impediments" to unrestricted travel on said Lea Road Extension, immediately adjacent to his house. He admitted that the boulders that had been put across Lea Road Extension to prevent access, as shown in defendants Harrisons' Exhibit #1 have been removed. But Pfrommer submits that various shrubbery and small trees still exist on Lea Road Extension along the side of the Harrison property, which constitute an impediment to the free use by the Pfrommers of Lea Road Extension, as safeguarded in said Memorandum of Decision of April 1990.
The undersigned finds that photographs of the present condition of Lea Road Extension parcel in issue, support the plaintiff Pfrommer's claims. Plaintiffs' Exhibit A, shows the section of Lea Road at its joinder with the beginning of Lea Road Extension; and depicts the Lea Road Extension parcel as it extends from Lea Road itself. In both photographs a "For Sale" sign advertising the sale of the Harrison property on a post bearing the name "Gem Realty" was clearly placed beyond the 50 foot boundary line on the westerly side of Lea Road Extension.
In addition, plaintiff Pfrommer's photos, Exhibits A2, A3, A4, and A5, show three white birch trees rising up together to a height of about 6 feet and a clump of large bushes just beyond CT Page 6682 the "For Sale" sign, clearly extending over onto the Lea Road Extension westerly boundary. These interfere with the right of plaintiffs Pfrommer to have unrestricted and unimpeded use, with the other Harrison Circle lot owners, for vehicular travel over this Lea Road Extension parcel.
The undersigned, therefore, finds and concludes that the white birch trees and the adjacent large bush growth exist over on to the Lea Road Extension parcel; and that they do impede the free access as a right of way (See Judgment entered in April 1990, as set out in the Memorandum of Decision, pages 22 and 23 ).
The undersigned further finds and concludes that defendants Harrison failed to abide by the order set out in that decision to "remove forthwith" all the encroachments, obstructions and impediments" placed by them on Lea Road Extension.
Since the Harrisons have sold their Lea Road Extension property, the new owner is held bound by the court's instant decision that said impediments must be removed so that the right of free and unrestricted traffic is fully available to said plaintiff Pfrommer, and all other lot owners in the Harrison Circle Association.
Judgment is entered accordingly, but no costs are entered if the terms of this judgment are complied within 60 days.
A. FREDERICK MIGNONE State Trial Referee